IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DANIEL JUNIUS ALLEN | § |  |
|---|---|---|
| Petitioner, | § § § |  |
| VS. | § § | NO. 3-08-CV-1009-N |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § |  |
| Respondent. | § § |  |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Daniel Junius Allen, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1994, petitioner was convicted of murder and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Allen v. State*, No. 05-94-00922-CR, 1995 WL 634592 (Tex. App.--Dallas, Oct. 27, 1995, pet. ref'd). Petitioner also filed a motion for DNA testing and three applications for state post-conviction relief. All four motions were either denied or dismissed by the state courts. *Ex parte Allen*, No. 28,813-01 (Tex. Crim. App. Jun. 7, 1995) (dismissing first state writ for want of jurisdiction); *Allen v. State*, No. 05-03-00918-CR, 2004 WL 1663172 (Tex. App.--Dallas, Jul. 27, 2004, pet. ref'd) (affirming denial of motion for DNA testing); *Ex parte Allen*, No. 28,813-03 (Tex. Crim. App. Oct. 5, 2005) (denying second state writ without

written order); *Ex parte Allen*, No. 28,813-05 (Tex. Crim. App. Mar. 26, 2008) (dismissing third state writ as successive). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his conviction; (2) the jury was selected and impaneled in an unconstitutional manner; (3) the prosecution knowingly used perjured testimony and withheld evidence favorable to the defense; (4) his conviction was tainted by an impermissibly suggestive identification process; (5) he received ineffective assistance of counsel; and (6) he is actually innocent.

Respondent has filed a preliminary response which suggests that this case may be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner's conviction became final for limitations purposes on April 24, 1996--the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner waited more than *five years* after this statute was enacted before returning to state court to exhaust his state remedies. Petitioner sought DNA testing in October 2001.[1] The trial court denied his request on August 20, 2002, and that ruling was affirmed on July 27, 2004. Seven months later, on March 1, 2005, petitioner filed an application for state post-conviction relief. That writ was denied on October 5, 2005. More than two years later, on October 23, 2007, petitioner filed another state writ. That writ was dismissed on March 26, 2008. Petitioner did not file this action in federal court until May 19, 2008. No

---

[1] Although petitioner did not file a formal motion for DNA testing until March 25, 2002, the state appeals court noted that he first raised the issue in October 2001. *See Allen*, 2004 WL 1663172 at *1 n.1.

explanation has been offered by petitioner to justify or excuse these delays. Consequently, the court determines that his claims are time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 24, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE